UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ERIC BROWN,

    Plaintiff,

v.                        Case No. 3:22cv16776-LC-HTC

DR. RODRIGUEZ,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's amended complaint, which seeks to assert a claim for a violation of the Eighth Amendment under 42 U.S.C. § 1983. ECF Doc. 11. Upon consideration and for the reasons set forth below, the undersigned respectfully recommends this case be DISMISSED for failure to state a claim for deliberate indifference. Also, dismissal is appropriate as Plaintiff has already been given an opportunity to amend his complaint and did not cure the deficiencies identified by the Court.

I.    BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. In his initial complaint, Plaintiff alleged his Eighth Amendment rights were

violated when Defendant, Dr. Rodriguez, filed the "wrong paperwork," leading to Plaintiff missing a scheduled surgery, as a result of which he incurred permanent damage and pain. ECF Doc. 1. Upon screening the initial complaint, the undersigned issued a detailed amend order which advised Plaintiff that he had failed to state a claim for relief, explained the standard for stating such a claim under the Eighth Amendment, and allowed Plaintiff an opportunity to file an amended complaint. ECF Doc. 9.

On October 31, 2022, Plaintiff filed his amended complaint. Despite including additional facts, the amended complaint fails to cure a critical deficiency – it fails to include any facts to show Dr. Rodriguez's failure to file the correct paperwork was anything more than an inadvertent mistake. Also, in the amended complaint, Plaintiff sues Dr. Rodriguez in his "official capacity," however, he has alleged no facts to establish entity liability on Dr. Rodriguez's employer.[1]

---

[1] Plaintiff identifies Dr. Rodriguez as working for Santa Rosa CI. As the Court understands it, the Florida Department of Corrections has a contract with Centurion to provide medical services to its facilities. A claim against Dr. Rodriguez in his official capacity is a claim against Centurion itself. Because Centurion is a private entity performing public functions, Plaintiff is required to allege "a policy or custom by which the constitutional deprivation was inflicted" to state a § 1983 claim against Centurion. *German v. Broward Cty. Sheriff's Office*, 315 F. App'x 773, 776 (11th Cir. 2009) (citing *Buckner v. Toro*, 116 F.3d 450, 452–53 (11th Cir. 1997)). "A policy or custom is established by showing a persistent and widespread practice and an entity's actual or constructive knowledge of such customs, though the custom need not receive formal approval." *Id.* (citing *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986)). The policy or custom must be the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff, however, does not allege any such policy or custom caused a constitutional violation.

Case No. 3:22cv16776-LC-HTC

The factual allegations of the amended complaint are set forth below and accepted as true for purposes of this report and recommendation.

On December 18, 2020, Plaintiff "broke [his] left and right heels . . . and was sent to private sector Doctor at Baptist Hospital because [he] could not be treated by Doctors of Santa Rosa Correctional Institution" ("SRCI"), where Plaintiff was incarcerated at the time. ECF Doc. 11 at 5. The doctors at Baptist Hospital determined two surgeries "needed to be performed to replace and properly repair [Plaintiff's] left broken heel." *Id.* "On December 20, 2020 a 8" rod was placed in [Plaintiff's] left heel and [Plaintiff] was sent back to [SRCI] with 2nd surgery scheduled under the care of a Dr. Rodriguez." *Id.* The second surgery was "necessary" to "properly repair [Plaintiff's] left heel and remove 8" rod from [it] after swelling reduced." *Id.* at 5–6. The surgery was scheduled for January 2021 by "private sector specialist at Baptist Hospital" through a phone conversation with Dr. Rodriguez. *Id.* at 5–6, 8.

Dr. Rodriguez "is a physician under contract with the state," which requires him "to provide care and services to state inmates at [SRCI]," and pursuant to which Plaintiff was placed under his care. *Id.* at 6. He "is not an orthopedic specialist" and knew he could not perform the second surgery and did not have the tools needed for it. *Id.* at 6–7. Dr. Rodriguez was informed of the "window period" for performing

the surgery, but "failed to file proper paperwork" to allow the surgery to proceed as scheduled. *Id.*

When Plaintiff "returned to Baptist Hospital to have 8" rod removed," he was told "they tried to contact Dr. Rodriguez during holidays of Christmas and New Year but could not get in contact with him until after the holiday and window period was missed for successful second surgery." *Id.* at 7. Additionally, "[w]hen Dr. Rodriguez sent [Plaintiff] to R.M.C. Correctional Institution for follow up they said that heel surgery would not be performed by then." *Id.* Plaintiff's medical records also include "a notation that second surgery was missed because Dr. Rodriguez did not place the appropriate paperwork in to allow second successful replacement of heel surgery." *Id.*

Because Plaintiff missed his second surgery, his "left heel is displaced and crooked and very painful to walk on still to this day." *Id.* "The actions of Doctor Rodriguez has [sic] ensured [Plaintiff] a chronic life of pain in [his] left heel while standing also walking." *Id.* at 8. Specifically, "Dr. Rodriguez has ensured [Plaintiff's] heel to remain displaced and crooked and this could have been prevented by second surgery that orthopedic surgeons had scheduled with Dr. Rodriguez for January 2021." *Id.* Additionally, "[t]he pain in left heel without medication that is habit forming will remain because of failure by Doctor Rodriguez to file and to provide proper paperwork to allow [Plaintiff] to go to Baptist Hospital for second

necessary surgery." *Id.* Dr. Rodriguez's "[f]ailure to provide also produce proper services and paperwork" has, thus, ensured a "necessary life change." *Id.*

Although Plaintiff "depended on the services" of the "licensed" and "contracted with [the] State of Florida Doctor Rodriguez," he "was failed in a simple uncaring act" of Doctor Rodriguez filing the wrong paperwork. *Id.* at 9. "All because of not filing proper paperwork," Dr. Rodriguez failed "to allow [Plaintiff] a normal life after breaking [his] left and right heels at [SRCI];" failed "to allow [Plaintiff] to make second surgery by window period;" and "failed to allow [Plaintiff] to [get] treated by professional orthopedic specialist." *Id.*

Based on the factual allegations above, Plaintiff asserts the following claims: 1) Eighth Amendment violation; 2) "failure to treat;" 3) "42 U.S.C. § 1983 violation;" 4) "failure to act under color of state law by not allow [sic] me to have prescribed second surgery;" and 5) "deprivation of right to prescribed second surgery," all of which amount to a single claim for deliberate indifference under the Eighth Amendment. *Id.* at 10. He seeks $250,000 in relief. *Id.*

## III. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§§ 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## IV. DISCUSSION

The Eighth Amendment prohibits cruel and unusual punishments, such as the "unnecessary and wanton infliction of pain" upon prisoners. *See* U.S. Const. amend. VIII; *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020). Acting with deliberate indifference to a prisoner's serious medical need constitutes an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) (holding that federal and state governments have a constitutional obligation to provide minimally adequate medical care to their prisoners). This "does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 104. For example, the inadvertent failure to

Case No. 3:22cv16776-LC-HTC

provide adequate medical care cannot constitute an unnecessary and wanton infliction of pain. *Id.* at 105–06.

To establish deliberate indifference, a plaintiff "must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). A serious medical need is "one that, if left unattended, poses a substantial risk of serious harm." *Id.* at 1307 (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). For an actor to be found to have acted with deliberate indifference to that need, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). To have subjective knowledge requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) (applying the test in the medical context).

In cases involving medical care, "deliberate indifference" is an extremely high standard for plaintiffs to meet. *Stewart v. Lewis*, 789 F. App'x 825, 828 (11th Cir. 2019). It requires more than "merely accidental inadequacy, negligence in diagnosis

or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation, quotations, and alterations omitted). Instead, the medical care provided must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Stewart*, 789 F. App'x at 828.

Here, Plaintiff's allegations fall markedly short of pleading a viable claim for relief. Presuming that Plaintiff's broken heel constitutes "a serious medical need," the amended complaint—like the initial complaint—is completely devoid of any facts showing that Dr. Rodriguez was deliberately indifferent. *See Mann*, 588 F.3d at 1306–07. By Plaintiff's own admission, Dr. Rodriguez provided him with treatment and attempted to complete the proper paperwork for him to have a second surgery. *See Sykes v. D.C.*, 1994 WL 646162, at *2 (D.D.C. Nov. 4, 1994) (dismissing claim for deliberate indifference where "[b]y plaintiff's own admissions, his treatment was delayed because the paperwork was misplaced. Plaintiff's own account of the facts demonstrates that prison and hospital officials attempted to provide prompt treatment for plaintiff's injury"). The fact that Dr. Rodriguez failed to file the proper paperwork is, at best, negligent conduct; it does not amount to a constitutional violation. *See, e.g.*, *Pasco v. Carter*, 2022 WL 1913015, at *5 (N.D. Fla. May 13, 2022) (negligently administering wrong medication not deliberate indifference), *report and recommendation adopted*, 2022 WL 1910122 (N.D. Fla.

June 3, 2022); *Muhammad v. Dep't of Corr.,* 645 F. Supp. 2d 299, 311 (D.N.J. 2008), *aff'd sub nom.* 396 F. App'x 789 (3d Cir. 2010) ("No reasonable jury could find that Nurse Terry's conduct, in allegedly providing paperwork that gave special accommodation for metal detector screening when Mr. Muhammad sought the lower bunk restriction confirmation, occurring on one occasion, rises to the level of deliberate indifference to his serious medical needs.")

Likewise, the additional fact that Baptist Hospital tried to call Dr. Rodriguez, presumably to inform him of the paperwork error, but was unable to reach him, does not amount to deliberate indifference. Plaintiff admits those calls occurred around Christmas or New Year's and there are no facts showing Dr. Rodriguez was aware of those calls or even that Baptist Hospital left sufficient information for Dr. Rodriguez to ascertain the reason for the calls. Regardless, the fact that Dr. Rodriguez may not have called the hospital back is not the type of "grossly incompetent" or "inadequate" conduct, which "shocks the conscience" and is violative of the Eighth Amendment. *See Stewart*, 789 F. App'x at 828. Thus, while it is unfortunate that Plaintiff did not get his second surgery, Plaintiff has nonetheless failed to state a claim for relief.

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's amended complaint, ECF Doc. 11, be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

2.  The clerk be directed to close the file.

At Pensacola, Florida, this 18th day of November, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.